The opinion of the Court was delivered by
Frost, J.
The Act of 1843 provides that, “in case the master, or other person having charge or government of any slave, who shall be accused of any capital crime, shall conceal or convey away any such slave, so that he cannot be brought to trial and condign punishment,” on conviction, he shall forfeit one thousand dollars, and be imprisoned at the discretion of the Court.
The offence, defined by the statute, if the person accused of the capital felony were a free man, is that of an accessory after the fact; which is a high misdemeanor. But a slave is the passive subject of his master’s will, and is in the legal custody of his master. If he is secreted or carried away, that is not his own act, but the act of his master. In this view the offence, defined by the Act, is analogous to the rescue of a felon, or aiding his escape, which, by the common law, is a felony. Compared with the enormity of the offence, the pecuniary penalty is light; *493 especially when it is considered that, where he incurs the penalty, the master may have indemnified himself, in part or entirely, by the sale of his slave. The offence is of mischievous tendency and avarice or indiscreet partiality present great temptations to its commission.
The design of the Act to suppress the offence should not be defeated by a narrow and cavilling construction.
The first ground of appeal presents for enquiry, what is meant by the word “ accused.” Though frequently used in that sense, it does not necessarily import the charge of a crime by judicial procedure. In its popular sense, it is used to express a charge or imputation merely. In this sense, one may be accused of that which is no legal offence; as if he is charged with immoral or disgraceful conduct or official delinquency. It certainly is not synonimous with arrested under criminal process. If that construction were given to the Act, it could serve no useful purpose. The vigilance and activity of the master would outstrip the tardy process of the law. Popular sense will support the construction, that a slave is “accused,” when the commission of a capital felony is charged or imputed to him. The Act was so construed in the case of the State vs. McAliley, (MS dec. Col. May, 1840,) where it was held, that after the Act of 1740, (of which the Act of 1843 is a copy, excepting the penalties) a master could not be charged as an accessory after the fact, for conveying away his slave accused of a capital felony ; but that the indictment should be framed on the Act. An accessory after the fact, is one who, knowing a felony to have been committed, aids the offender to escape from justice. So that case supports the instruction of the circuit Judge to the jury, that if the master, knowing that his slave has committed a capital felony, conceals or carries him out of the State, with the intent to evade justice, that is within the intent and meaning of the Act. It is not, however, necessary in this case to rely on that construction, since it is clear that the defendant’s slave was “ accused” in the most technical sense of the term, when complaint' of the felony *494 was made to a magistrate in order that a warrant should be issued.
By the second ground of appeal, it is denied that the Act is violated if the slave is afterwards arrested and tried. The Act was intended to prevent the hindrance of justice; and the offence is complete when, by the act and intention of the master, the slave is concealed and carried away so that he cannot be brought to trial and punishment in due course of law. The master cannot be exculpated because the slave is afterwards tried and punished. If that were so, then the criminality of the master would depend, not on his own act and intention, but on the acts of others. If the slave is brought back against the efforts of his master to prevent it, how can that exonerate him ? Even if the master delivers up the slave for trial, that cannot cancel his offence in having carried away or concealed his slave from arrest in the due course of law. An accessory cannot claim an acquittal, because, after he had given him aid to escape, the felon was arrested. Nor can the accessory, by afterwards aiding to arrest the felon, compensate for his former aiding of the felon to escape. A thief is not acquitted of his larceny because the stolen goods have been re-taken, or even restored by him to the oryner. The Act of 1754, makes it a capital crime to inveigle, steal or carry away any slave so that the master is deprived of his services. The recovery or restoration of- the slaves to the service of the master, is no defence to the charge of having inveigled, stolen and carried them away.
The motion is dismissed.
Evans, Wardlaw, Withers and Whitner, JJ. concurred.